UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE EDWARD LEPRE<br>10 Tisbury Court<br>Scotch Plains, NJ 07076<br><br>*Plaintiff,*<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>*Defendant.* | Civil Action No. 23-2157 |

**COMPLAINT**

Plaintiff George Edward Lepre ("Plaintiff") brings this suit against Defendant Federal Bureau of Investigation ("Defendant"). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. Through FOIA, Plaintiff seeks records related to Leon Moses Baker and Manfred Bachert. The FBI has refused to confirm or deny the existence of responsive records.

**BACKGROUND**

2. Plaintiff George Edward Lepre is an author and a social studies teacher in New Jersey. Plaintiff's books focus on significant historical events during tumultuous periods of

conflict. And in all his books, Plaintiff diligently incorporates authentic historical records to provide readers with a profound understanding of what truly transpired during complex wartime periods. One of Plaintiff's books has been on the New York Times Best Sellers list.

3. Plaintiff is currently working on a non-fiction book about the Cold War. One important focus of the book is about US soldiers who had abandoned their military duty during the Cold War. To accurately reflect the complex history of that era, including the tensions between the two superpowers and the ideological conflicts within the military, Plaintiff needs records from the Defendant. Plaintiff made two requests to the Defendant about two known US soldiers who defected to East Germany in the Cold War from the 1950s– Leon Moses Baker and Manfred Bachert.

4. In June 2018, Plaintiff submitted a request for access for records on Leon Moses Baker. Plaintiff received a FOIPA Request number 1409117-000. On June 27, 2018, Plaintiff received a notice of confirmation from Defendant. Exhibit 101 is attached and made part of this Complaint.

5. Defendant sent a letter to Plaintiff on April 25, 2019, and stated that Defendant "can neither confirm or deny the existence of records responsive" to Plaintiff's request pursuant to 5 U.S.C. §552(b)(1) and (b)(3). Exhibit 102 is attached and made part of this Complaint.

6. On May 13, 2019, Plaintiff timely filed an administrative appeal to the Director, Office of Information Policy (OIP). Exhibit 103 is attached and made part of this Complaint.

7. The OIP denied the appeal on September 6, 2019. Exhibit 104 is attached and made part of this Complaint.

8. Plaintiff submitted a request for access for records on Manfred Bachert and received a FOIPA number 1469456-000. Defendant responded that they did not have any records on Bachert.

9. In order to obtain the records at issue, Plaintiff traveled to the National Archives and Records Administration national records center in summer 2020. Thereafter, Plaintiff learned Bachert's FBI file number, which is 105-HQ-136284.

10. Plaintiff provided Manfred Bachert's FBI file number 105-HQ-136284 to Defendant, hoping this additional information would facilitate a more precise search. Plaintiff was told by the Defendant to submit a new request.

11. On September 8, 2020, Plaintiff submitted a new request for access for records on Manfred Bachert. Defendant provided Plaintiff with FOIPA number 1469456-001. Exhibit 105 is attached and made part of this Complaint.

12. Defendant sent a confirmation letter to Plaintiff on September 22, 2020. Exhibit 106 is attached and made part of this Complaint.

13. Defendant denied the Request on October 1, 2020, pursuant to 5 U.S.C. §552(b)(1) and (b)(3). Exhibit 107 is attached and made part of this Complaint.

14. On October 9, 2020, Plaintiff timely filed an administrative appeal to the Director, Office of Information Policy (OIP). Exhibit 108 is attached and made part of this Complaint.

15. On May 5, 2022, OIP denied the appeal. Exhibit 109 is attached and made part of this Complaint.

## PARTIES

16. Plaintiff, George Edward Lepre, is an author and a social studies teacher. Plaintiff has published two non-fiction books and one of the books was one the New York Time Best Sellers list.

17. Defendant, FBI, is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI has possession and control of records requested by Plaintiff.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision), 28 U.S.C. § 1331 (federal question), and 28 U.S.C §1346 (federal defendant).

19. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

20. In June 2018 and September 8, 2020, Plaintiff submitted a FOIA request through the FBI's online portal respectively. Exhibit 105. The Requests sought numerous types of records relating to Leon Moses Baker and Manfred Bachert.

21. On June 27, 2018, Defendant confirmed that Defendant had received Plaintiff's Request for records on Leon Moses Baker. Exhibit 101. On April 25, 2019, Defendant responded to Plaintiff's FOIA Request, refusing to confirm or deny the existence of responsive records. Exhibit 102.

22. On September 22, 2020, Defendant confirmed that Defendant had received Plaintiff's Request for records on Manfred Bachert. Exhibit 106. On October 1, 2020, Defendant responded to Plaintiff's FOIA Request, refusing to confirm or deny the existence of responsive records. Exhibit 107.

23. On May 13, 2019, and October 9, 2020, Plaintiff submitted an administrative appeal for the cases of Leon Moses Baker and Manfred Bachert respectively. Exhibit 103, Exhibit 108.

24. On September 6, 2019, and May 5, 2022, Defendant denied Plaintiff's administrative appeal on requests for records on Leon Moses and Manfred Bachert respectively. Exhibit 104, Exhibit 109.

## LEGAL FRAMEWORK OF FOIA

25. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

26. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

27. Under FOIA, the federal agency has the burden to sustain its actions. *Id*. FOIA requires that agencies separate any "reasonably segregable portion of the record." 5 U.S.C. 552(b). Information is generally considered reasonably segregable unless exempt and nonexempt information are "inextricably intertwined." *Mead Data Cent., Inc. v. Department of the Air Force*, 566 F.2d. 242, 260 (D.C. Cir. 1977).

28. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against

the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## CLAIMS FOR RELIEF

### COUNT I – DEFENDANT'S IMPROPER APPLICATION OF EXEMPTIONS

29. The above paragraphs are incorporated by reference.

30. The request seeks the disclosure of agency records and was properly made.

31. FBI is a federal agency subject to FOIA.

32. Included within the scope of the request are one or more records or portions thereof that are not exempt under FOIA.

33. The FBI improperly applied exemptions to this request.

### COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

34. The above paragraphs are incorporated by reference.

35. The request seeks the disclosure of agency records and was properly made.

36. FBI is a federal agency subject to FOIA.

37. FBI has failed to conduct a reasonable search for records responsive to the request.

### COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS

38. The above paragraphs are incorporated by reference.

39. The request seeks the disclosure of agency records and was properly made.

40. FBI is a federal agency subject to FOIA.

41. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

42. FBI has failed to release records responsive to the request.

## REQUESTS FOR RELIEF

**WHEREFORE**, George Edward Lepre asks the Court to:

      i.      declare that Defendant violated FOIA;

      ii.      order Defendant to conduct a reasonable search for records;

      iii.      order Defendant to properly apply FOIA's exemptions;

      iv.      order Defendant to promptly release all non-exempt responsive records or portions of records;

      v.      enjoin Defendant from withholding non-exempt public records under FOIA;

      vi.      award George Edward Lepre attorneys' fees and costs; and,

      vii.      award such other relief the Court considers appropriate.

Dated: July 25, 2023

RESPECTFULLY SUBMITTED,

*/s/* C. Peter Sorenson
Attorney for Plaintiff,
C. Peter Sorenson
DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com